IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PRADER LAVALL BROWN #1338541 | § | |
| v. | § | CIVIL ACTION NO. 6:07cv172 |
| UNITED STATES GOVERNMENT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Prader Lavall Brown, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On April 20, 2007, the Magistrate Judge ordered Brown to pay an initial partial filing fee of $4.00, pursuant to 28 U.S.C. §1915(b). The Magistrate Judge also directed that Brown file an amended pleading setting forth a short and plain statement of his claim. Brown responded to the fee order on May 8, 2007, saying that he could not afford the fee, although he said that his mother had sent him $100.00. Brown also requested a non-jury trial in which to facilitate the settlement with him in the amount of two hundred billion dollars, which he said would require no more than affirmance by the Treasury Department and the pressing of a "few computer keys."

On June 1, 2007, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted that Brown had failed to comply with the Court's orders to pay the filing fee and to file an amended complaint setting out a short and plain statement of his claims. More pertinently, however, the Magistrate Judge stated that Brown's complaint consisted

of little more than "a rambling exposition of his system of beliefs, combining arcane religious theories with an insistence that he is due a settlement of two hundred billion dollars." The Magistrate Judge concluded that Brown's assertions were "irrational and wholly incredible" and recommended that the lawsuit be dismissed without prejudice as frivolous. *See* Vinson v. Texas Board of Corrections, 901 F.2d 474, 475 (5th Cir. 1990).

Brown filed objections to the Magistrate Judge's Report on June 21, 2007. In these objections, Brown says that he did not give consent to have the Magistrate Judge hear his case because "magistrate trials are mostly for debating the issues." He says that he wants an "actual trial" because "we've agreed my complaint is a standing order and only need to confirm and affirm the agreement status of amendments and facts in mutual face." He goes on to say that "I may have unsubstantially informed Judge John D. Love that there's a fine difference of elegance between prejudices and discriminations and the difference is objective proofs in the pudding or Jell-O or cake." These objections are patently without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint and amended complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice as frivolous. 28 U.S.C. §1915A(b). It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 28th day of June, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**